# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:13-cv-00279-MR-DLH

| | |
|---|---|
| A.M. as Lawful Guardian *Ad Litem* of Minor Child, K.M., ) ) ) Plaintiff, ) ) vs. ) ) BURKE COUNTY PUBLIC SCHOOLS ) BOARD OF EDUCATION, LINDA ) BRADSHAW, JOHN ROES 1-10, and ) MICHAEL ANDREW ALEXANDER, ) ) Defendants. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motion to Seal [Doc. 27].

Defendants Burke County Public Schools Board of Education and Linda Bradshaw seek leave to file under seal certain documents filed in support of their Motion for Summary Judgment. For grounds, the Defendants state that these supporting documents identify and provide personal and sensitive information regarding the minor Plaintiff and

members of the minor Plaintiff's family.[1]  The Plaintiff consents to the Defendants' motion. [Doc. 27].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings.  <u>Doe v. Public Citizen,</u> 749 F.3d 246, 265 (4th Cir. 2014).  "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'"  <u>Id.</u> at 265-66 (quoting in part <u>Rushford v. New Yorker Magazine, Inc.</u>, 846 F.2d 249, 253 (4th Cir. 1988)).  The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" <u>Id.</u> at 266 (quoting in part <u>In re Wash. Post Co.</u>, 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific

---

[1] The Defendants have submitted copies of these documents to the Court for an *in camera* review.

reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motion. The Defendants filed their motion on September 25, 2014, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendants have demonstrated that the documents at issue contain personal information regarding the minor Plaintiff, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is narrowly tailored to serve the interest of protecting the minor Plaintiff's privacy.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Seal [Doc. 27] is **GRANTED**, and the Defendants shall be permitted to file the following documents under seal: (1) SBI Amos Interview; (2) SBI Wydra Interview; (3) SBI Arrest Warrant; (4) Bradshaw Deposition Transcript; (5) Amos Deposition Transcript; (6) Burleson Deposition Transcript; (7) Debbie

Leonhardt Deposition Transcript; (8) Shakeshaft Deposition Transcript; and (9) Excerpts from K.M.'s Student File. The Defendants are reminded that pursuant to Local Civil Rule 26.2, only those portions of these materials which are "directly necessary to support the motion" should be filed.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge